UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FOUNDATION STRUCTURES, INC.,

                Plaintiff,

v.

SAFECO INSURANCE COMPANY OF
AMERICA,

                Defendant.

CIVIL ACTION

No. 08-4763

**FILED**

AUG 2 5 2009

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

**MEMORANDUM AND ORDER**

Plaintiff Foundation Structures, Inc. ("FSI") filed a complaint against defendant Safeco Insurance Company of America on October 3, 2008. When Safeco failed to file an answer or otherwise defend itself within the time limits established by the Federal Rules of Civil Procedure, FSI asked the Clerk of the court to enter a default against Safeco. Default was entered against Safeco on December 10, 2008, and the next day, FSI requested default judgment in the amount of $525,621.69. Safeco now responds and, in a cross-motion, asks that the entry of default be set aside.

**I. BACKGROUND**

The claims in this case arise out of a construction project at Essex County College in Newark, New Jersey. The college entered into a construction agreement with

Claremont Construction, the general contractor, which contracted for a performance bond from defendant Safeco for Claremont's work on the project. Claremont then employed plaintiff FSI as a subcontractor for the drilled shaft foundations of the project, and Claremont and FSI signed a subcontract agreement. That agreement provided that FSI would construct concrete shafts able to hold a load capacity of 300 tons. Under the terms of the subcontract agreement, FSI would submit bills to Claremont. Claremont would pay the bills but would keep 10% of each payment as "retainage" to be paid to FSI "no later than 90 days from the completion of its work." Compl. ¶ 14.

According to the complaint, FSI drilled three test shafts at depths of 30 feet, 35 feet, and 40 feet, all of which could bear loads of 800 tons, far more than the required capacity. FSI then sought to drill the shafts to a depth of less than 30 feet because they could support more than what was required, but Claremont insisted that FSI install all the shafts to a length of not less than 30 feet. This meant that FSI had to perform extra work, including drilling through substantial quantities of rock and utilizing additional crew time to complete the job. FSI alleges that it was forced to expend an additional $423,221.50 to complete its work on the project. Compl. ¶ 24.

FSI seeks four separate sums from Safeco. The first is the sum kept by Claremont as retainage, $221,445.94, which has not yet been paid. The second is $140,605.25 that Claremont deducted from the amount paid to FSI for its work. Claremont indicated that it was deducting this amount because FSI drilled less linear feet than the 8,200 linear feet

2

called for under the subcontract agreement. FSI asserts that this deduction was improper because of the additional labor and equipment costs FSI was forced to incur to perform the work as Claremont required–those additional costs constitute the third sum FSI seeks, which, according to the complaint, is $142,011.00. Fourth, FSI seeks $21,209.50 in overtime costs it alleges it was forced to incur in order to complete the project as Claremont required. These four sums add up to $525,271.69,

FSI filed its complaint in this court on October 3, 2008 against Safeco, as holder of the performance bond for the project. Safeco returned an executed waiver of service on November 8, 2008. On that same day, Safeco tendered its defense via letter to Claremont, and Claremont accepted the obligation to defend by signing and returning the letter to Safeco. However, no answer or other responsive pleading was filed by either Claremont or Safeco. Consequently, on December 10, 2008, FSI asked the Clerk for entry of default pursuant to Fed. Rule of Civil Pro. 55(a). Default was entered. FSI then asked for default judgment in the amount sought in the complaint plus the $350.00 filing fee, which equals $525,621.69. Safeco received a copy of this request and opposed the motion for default judgment and filed a cross-motion to set aside the entry of default.

Safeco argues the default should be set aside because: 1. it has a meritorious defense to the complaint; 2. the default was occasioned by Claremont's neglect and not any fault of its own; and 3. lifting the default would not prejudice FSI. FSI opposes the cross-motion and urges the court to enter the requested default judgment, arguing that

3

Safeco has not established good cause to lift the default.

## II. DISCUSSION

A court may set aside an entry of default "for good cause shown." Fed. R. Civ. P. 55(c). In general, defaults are disfavored because the interests of justice are best served by reaching a decision on the merits. The Third Circuit "does not favor default judgments and in a close case, doubts should be resolved in favor of setting aside the default and reaching the merits." *Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir. 1987). Motions to set aside default judgments are construed in favor of the moving party. *Brokerage Concepts, Inc., v. Nelson Med. Group*, No. 99-5214, 2000 WL 283849 (E.D. Pa. Mar. 15, 2000); *Blue Ribbon Commodity Traders, Inc. v. Quality Foods Distributors*, No. 07-4037, 2007 WL 4323001, at *1. (E.D. Pa. December 11, 2007).

The factors to consider in evaluating whether a moving party has shown "good cause" are (1) whether the plaintiff will be prejudiced if the default judgment is set aside; (2) whether the defendant has a meritorious defense; (3) whether the default was the product of defendant's culpable conduct; and (4) whether alternative sanctions would be effective. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987). The court examines these factors somewhat out of order.

### A. Prejudice to FSI

This factor weighs in favor of setting aside the default, as FSI will not suffer prejudice if the default is lifted. Prejudice can arise from loss of evidence, substantial

4

reliance on the entry of default, or an increased potential for fraud. None of these factors are present here. Safeco notes in its cross-motion that FSI, before filing the complaint in this case, initiated an arbitration proceeding against Claremont with the American Arbitration Association. FSI has asserted the same claims in the ongoing arbitration proceeding, and, as Safeco points out, as a result of that proceeding, FSI has presumably already gathered much of the evidence it would similarly seek to present in this proceeding. The additional delay engendered by the setting aside of the default would not create prejudice to FSI.

### B. Safeco's Culpable Conduct

Safeco contends that its failure to respond was not as a result of any culpability on its part but rather the result of negligence on the part of Claremont, to which Safeco had tendered its defense. Culpable conduct, in this context, "means actions taken willfully or in bad faith." *Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 124 (3d Cir. 1983). Though FSI notes that Safeco provides no affidavit from Claremont confirming the acceptance of the obligation to defend Safeco in this matter, Safeco does provide a signed acceptance of that obligation from Stephen R. Sciaretta, a vice-president at Claremont. Docket No. 7, Ex. C. As the court views the evidence in favor of the moving party and in favor of setting aside the default, the court accepts Safeco's representation that it did not act in bad faith and that no culpable conduct of its own occasioned the delay in responding.

## C. Meritorious Defense

Safeco argues that it has a meritorious defense to FSI's complaint, based on the bond it issued to Claremont, because Claremont has no liability to FSI and has in fact paid all amounts due. Rather than owing payments to FSI, Safeco contends that Claremont is in fact owed money by FSI because FSI did not complete the project within the time agreed upon in the subcontract agreement. Safeco further contends that Claremont did not wrongfully deduct any funds and does not owe any additional funds for overtime work because FSI did not construct as many linear feet of drilled shaft as was required and did not do extra work because the work that was done was required by the subcontract agreement.

"A meritorious defense is presumptively established when the 'allegations of defendant's answer, if established on trial would constitute a complete defense to the action.'" *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984); *see also United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (holding that "simple denials and conclusionary statements" are insufficient). The dispute between the parties here is based on the requirements of the subcontract agreement, which Safeco attaches to its cross-motion. If Safeco's view of the linear feet requirement of the contract is correct, then Claremont properly deducted the $140,603.25 from its payment to FSI. Similarly, if Safeco's view of the contract requirements is correct, then FSI is not owed compensation for its additional labor and equipment costs or for overtime work.

However, Safeco does not put forth any defense regarding the retainage sum Claremont has apparently not turned over to FSI. Safeco acknowledges that FSI seeks this sum but does not provide any explanation for why it was retained. Even under Safeco's view of the contract requirements, it appears that the retainage was due to be paid ninety days after FSI completed its work. FSI has provided evidence, which it previously provided to Safeco, that the project engineer certified FSI's work and that Claremont accepted it as complete. *See* Pls.' Br. at 4-5; Exs. D, E.

Safeco does, in a footnote in its brief, note that FSI did not meet the time requirements of the subcontract; FSI was to begin work by May 28, 2007 and finish by September 15, 2007, but apparently work did not begin until June 7, 2007 and did not finish until October 17, 2007. Def.'s Br. at 4. However, Safeco provides no further evidence on this issue and does not provide any legal argument as to how this delay constitutes a complete defense to FSI's complaint. In its answer attached to the cross-motion to lift the default, Safeco denied FSI's allegation that Claremont failed to pay the retainage amount of $221,445.94. This general denial is unsupported by anything other than the general assertion, in the "Affirmative Defenses" section, that "to the extent any additional payment under the Subcontract is due, Safeco is entitled to an offset as a result of FSI's delay in completing its work under the Subcontract and/or its failure to meet the Subcontract's requirements to avoid a deduction from payment." This purported defense is bereft of factual allegations and does not provide any contradiction of FSI's evidence

7

that the work was completely performed and accepted by Claremont.

Safeco has not given the court any basis to determine whether Safeco could establish a complete defense, and this factor weighs in favor of not lifting the default.

### D. Effectiveness of Alternative Sanctions

This case presents the situation where the first two factors favor setting aside the default and the third factor does not. Though some courts have considered the "meritorious defense" factor to be a threshold consideration, the absence of which is dispositive, that type of analysis has more often been employed when the defendant's motion is to set aside a default judgment, rather than merely a clerk's entry of default. *See, e.g., United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192 (3d Cir. 1984); *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14 (3d Cir. 1985). Moreover, courts "grant relief from a default entry more readily and with a lesser showing than. . . in the case of a default judgment." *In re Bernstein v. Great Frame Up Systems, Inc.*, 113 B.R. 172, 173 (Bkrtcy, D.N.J.1990), 10A C. Wright et al., Fed. Prac. and Proc. 2d § 2692 at 83, 88 (1998). *See also Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656 (3d Cir. 1982) ("Less substantial grounds may be adequate for setting aside a default than would be required for opening a judgment."). As this case concerns an entry of default, rather than a default judgment, the court will not find the absence of a meritorious defense to doom defendant's request. The fourth factor, the potential effectiveness of other sanctions, then becomes important. *See also Foy v. Dicks*, 146 F.R.D. 113 (E.D. Pa.

1993) (finding that the defendants had not stated a meritorious defense but lifting default and imposing monetary sanction instead).

Courts in this district facing the situation where a defendant has not provided facts which could establish a complete defense have conditionally ruled on motions to set aside an entry of default. These courts have conditionally denied similar motions, offering the moving defendant another opportunity to provide the prima facie evidence necessary to establish a meritorious defense. *See, e.g., Mike Rosen & Assoc., P.C. v. Omega Builders, Ltd.*, 940 F. Supp. 115, 121 (E.D. Pa. 1996) (Van Antwerpen, J.) (conditionally granting the motion on pain of re-entry of default if facts not developed in 90 days); *Atlas Comm., Ltd. v. Waddill*, 1997 WL 700492, *4 (E.D. Pa. 1997) (Shapiro, J.) (conditionally denying motion to set aside default subject to reconsideration if facts constituting a complete defense were provided in 20 days); *Charowsky v. Kurtz*, 1999 WL 1038334, * 3 (E.D. Pa. 1999) (Yohn, J.) (conditionally denying motion to set aside default subject to reconsideration upon receipt of prima facie evidence of a prima facie defense within 30 days); *Choice Hotels Intern., Inc. v. Pennave Assoc., Inc.*, 192 F.R.D. 171, 175-76 (E.D. Pa. 2000) (Brody, J.) (conditionally denying motion to set aside default subject to reconsideration if defendant filed a proposed answer with supporting affidavit including prima facie evidence of a meritorious defense).

This court adopts the approach described above. The motion to set aside the default is conditionally denied. The court will reconsider this decision if, within thirty

days from the date of order accompanying this memorandum, Safeco provides this court with factual averments, which, if proven at trial, would constitute a complete defense. Consistent with the decision to conditionally deny Safeco's motion to set aside the default, the court conditionally denies FSI's motion for default judgment. Should Safeco provide evidence regarding a meritorious defense, FSI is entitled to respond within fifteen days of Safeco's submission. If necessary the court will reconsider FSI's motion for default judgment at that time.

    An appropriate order follows.